**Adeline HORST, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 01–3373.

United States Court of Appeals,
Federal Circuit.

Jan. 8, 2002.

Before MICHEL, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Adeline I. Horst appeals from the decision of the Merit Systems Protection Board, Docket No. DE–831E–00–0233–I–1, in which the Board affirmed the decision of the Office of Personnel Management ("OPM") denying her application for disability retirement benefits. We *affirm*.

## BACKGROUND

Ms. Horst was employed as an Educational Specialist at the Department of Health and Human Services. She claims that she was exposed to Hanta virus on May 3, 1996. Ms. Horst was separated from federal service on September 27, 1996, by a reduction in force. On June 8, 1997, approximately eight months after her separation, she suffered a serious head injury in an automobile accident. Ms. Horst applied to OPM for disability retirement benefits on July 20, 1998, contending that she was unable to work due to pulmonary respiratory infection and neurological effects resulting from exposure to Hanta virus.

OPM initially dismissed Ms. Horst's disability application as untimely because she had failed to apply for disability retirement prior to or within one year after her separation. After OPM denied Ms. Horst's request for reconsideration, she appealed to the Board. An administrative judge reversed OPM's decision, finding that Ms. Horst had satisfied the mental incapacity exception to the one-year filing deadline, 5 U.S.C. § 8337(b), and remanded the disability application back to OPM for consideration on the merits.

On remand, OPM denied Ms. Horst's disability application because the submitted medical evidence did not demonstrate that she was disabled at the time of her separation. OPM found that Ms. Horst had failed to show that she suffered an acute illness around the time she was allegedly exposed to Hanta virus, and that she had failed to show a clear relationship between her claimed exposure to Hanta

virus and her cognitive problems. OPM concluded that Ms. Horst did not become fully disabled until June 8, 1997, the date of the automobile accident that occurred after she had left federal service. OPM reviewed additional documentation submitted by Ms. Horst in connection with her request for reconsideration, and again found that there was insufficient evidence to prove her eligibility for disability retirement.

Ms. Horst appealed OPM's decision to the Board. An administrative judge affirmed OPM's decision in an initial decision issued on December 4, 2000. Although the administrative judge found that Ms. Horst had been exposed to an environment conducive to Hanta virus, he concluded that Ms. Horst had failed to establish that she had any disabling conditions due to Hanta virus at the time she was separated from federal service. First, the administrative judge found that Ms. Horst had not submitted any medical documentation from 1996, the year in which she was exposed to Hanta virus and later separated from federal service. Second, the administrative judge found that the submitted medical records, the dates of which started in March 1998, did not show that Ms. Horst's pulmonary problems manifested themselves prior to her separation in September 1996, or that they are currently disabling. Finally, the administrative judge found that the medical evidence showed that Ms. Horst's neurological problems stem from head trauma suffered in the June 8, 1997, automobile accident. In light of those findings, the administrative judge concluded that the evidence failed to establish Ms. Horst's entitlement to disability retirement. The full Board denied review on September 4, 2001, and Ms. Horst now petitions this court for review.

## DISCUSSION

On appeal, Ms. Horst argues that the Board erred in failing to overturn OPM's decision denying her application for disability retirement. In particular, she points to two statements by physicians, one of which indicates that she was not released to return to work before her separation from federal service.

Ms. Horst's argument constitutes a challenge to the factual findings that led OPM and the Board to conclude that she was not eligible for disability retirement. In particular, she challenges the Board's finding that she did not qualify for disability retirement because the evidence failed to establish that she became disabled during her federal service. *See* 5 C.F.R. § 831.1203(a)(2) (to qualify for disability retirement, the individual must, while employed in a position subject to the Civil Retirement Service System, have become disabled because of a medical condition).

In cases involving disability retirement claims, we lack jurisdiction to review factual determinations and are limited to reviewing whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). The record before us fails to reveal any substantial departure from important procedural rights, misconstruction of the governing legislation, or some like error going to the heart of the administrative determination. We must therefore affirm the Board's decision.